**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4418-18T3

JEFFREY DRURY,

    Petitioner-Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent-Respondent.

_____

Submitted May 28, 2020 – Decided June 23, 2020

Before Judges Koblitz and Whipple.

On appeal from the New Jersey State Parole Board.

Jeffrey Drury, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

    Jeffrey Drury, an inmate serving an aggregate thirty-five-year sentence, with a mandatory minimum term of eighteen and one-half years, appeals from a

May 29, 2019 final agency decision of the New Jersey State Parole Board (Board) denying parole and imposing a twenty-seven-month Future Eligibility Term (FET). We affirm.

On June 3, 2003, Drury was convicted after a jury found him guilty of second-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); first-degree carjacking, N.J.S.A. 2C:15-2; first-degree kidnapping, N.J.S.A. 2C:13-1(b); third-degree terroristic threats, N.J.S.A. 2C:12-3; and third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a). Drury's parole eligibility date was March 29, 2019.

On February 7, 2019, after reviewing Drury's case, a hearing officer referred the matter to a Board panel for a hearing. On February 19, the two-member panel denied parole and imposed a twenty-seven-month FET. The panel denied parole for the following reasons: facts and circumstances of Drury's offense; prior offense record is extensive and repetitive; nature of criminal record is increasingly more serious; prior opportunities on probation failed to deter criminal behavior; prior incarcerations failed to deter criminal behavior; commission of numerous persistent institutional disciplinary infractions serious in nature, resulting in loss of commutation time and confinement in detention and administrative segregation, with the most recent infractions occurring in

April 2015; insufficient problem resolution, specifically, a lack of insight into criminal behavior, denial of offense, minimization of conduct, and a failure to sufficiently address a substance abuse problem as demonstrated by his interview, documentation in the case file, and confidential material; and the results of an objective risk assessment evaluation indicating a "moderate high" risk of recidivism.

The panel found the following mitigating factors: all opportunities on community supervision completed without violations; participation in programs specific to behavior; participation in institutional programs; attempt to enroll in programs but was not admitted; institutional reports reflect favorable institutional adjustment; minimum custody status achieved; and commutation time restored.

Drury administratively appealed the panel's decision to the full Board. On May 29, 2019, the Board affirmed the panel's decision to deny parole and establish a twenty-seven-month FET. This appeal followed.

On appeal, Drury argues there were insufficient reasons to deny parole because he has served the mandatory minimum term and has a legitimate expectation of release. He also argues the Board's denial of parole is retaliatory, because one of the reasons given for denying parole was that Drury "is

3

completely focused on pending lawsuits, trials and dealing with prison legal issues," and because he did not admit to his crime. Drury also argues the Board used incorrect information regarding institutional infractions when making its decision. We disagree.

The scope of our review of final decisions of administrative agencies is limited. Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). Decisions of the Board, like those of other administrative agencies, are not reversed unless they are "arbitrary, capricious or unreasonable or [are] not supported by substantial credible evidence in the record as a whole." Id. at 579-80.

Pursuant to N.J.S.A. 30:4-123.53(a), the Board should generally grant parole requests for release on an inmate's parole date unless there is a "reasonable expectation that the inmate will violate conditions of parole" and such an expectation is demonstrable "by a preponderance of the evidence." In determining that Drury was not ready for parole, the Board considered several factors, including mitigating and aggravating factors. The Board noted that Drury's criminal history was extreme, and his past experiences with the parole and probation systems did not deter him from other criminal behaviors.

The Board considered all of the mitigating factors raised, but found they were outweighed by the aggravating nature of the totality of the circumstances.

The Board's discretionary assessment is supported by substantial credible evidence in the record as a whole.

The imposition of a twenty-seven-month FET was permissible pursuant to N.J.A.C. 10A:71-3.21. When parole is denied, twenty-seven months is the presumptive FET for the underlying crimes for which Drury was sentenced, N.J.A.C. 10A:71-3.21(a)(1), and may be increased or decreased by up to nine months if warranted by the severity of the crimes for which the inmate was denied parole, N.J.A.C. 10A:71-3.21(c).

The Board's decision to impose the presumptive twenty-seven-month FET pursuant to N.J.A.C. 10A:71-3.21(a)(1) was not arbitrary, capricious or unreasonable. The Board considered the aggregate of all pertinent factors, including those set forth in N.J.A.C. 10A:71-3.11(b). The Board found Drury has not developed enough insight to understand why he committed his crimes and how to prevent himself from doing so in the future. These findings are all supported by sufficient, credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4418-18T3